# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.P.-1 and B.P.**

**No. 19-0079** (Barbour County 18-JA-61 and 18-JA-62)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.P.-2, by counsel Gregory G. Michael, appeals the Circuit Court of Barbour County's November 27, 2018, order terminating her parental rights to C.P.-1 and B.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Allison C. Iapalucci, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 29, 2018, the DHHR filed an abuse and neglect petition alleging that the children were abused and neglected by their adoptive parents, petitioner and the mother. The DHHR alleged that petitioner was addicted to illegal drugs and alcohol. Petitioner waived his right to a preliminary hearing on July 12, 2018, and admitted to a history of substance abuse and multiple driving under the influence convictions. On September 24, 2018, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of abuse and neglect. Petitioner moved for a post-adjudicatory improvement period, which the circuit court later denied. He admitted that he was a "lifelong alcoholic" and that he used methamphetamine occasionally. The mother testified

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, they will be referred to as C.P.-1 and C.P.-2, respectively, throughout this memorandum decision.

1

regarding the couple's history of substance abuse and stated that they adopted the children in 2012. She informed the circuit court that she and petitioner worked with the DHHR during the adoption proceedings, completed a home study, and admitted that they did not disclose their substance abuse issues to the DHHR. The mother also admitted that she and the children had contact with the children's biological mother, whose parental rights were terminated due to her substance abuse. Following the stipulations and presentation of testimony, the circuit court found that petitioner was an abusing parent. The circuit court specifically noted that it was "disturbed by the fraud perpetrated on the [c]ourt in that the . . . [p]arents concealed their drug and alcohol addictions . . . from the [c]ourt and the [DHHR]" during the 2012 adoption proceedings.

On November 13, 2018, the circuit court held a dispositional hearing. Both the DHHR and the guardian moved to terminate petitioner's parental rights. The Child Protective Services ("CPS") worker testified that petitioner and the mother were not truthful with the DHHR when they adopted the children in 2012 and that both parents had a long history of substance abuse. Petitioner testified that he completed a fifteen-day detoxification program, but later relapsed on alcohol and methamphetamine in September of 2018. He also admitted that he was previously arrested in July of 2018 and charged with possession of Suboxone. Petitioner testified that he had held seven different jobs since the proceedings began and lived in a one-bedroom apartment, but believed that he could provide a good home for the children and support them financially. He denied being dishonest regarding the adoption of the children and could not recall what he admitted to at the adjudicatory hearing. However, petitioner admitted that he failed to protect the children and opined that they should remain in the foster home until he was able to care for them. At the close of evidence, the circuit court found that petitioner was not truthful during the adoption process and concealed longtime addictions from the DHHR and the circuit court. Specifically, the circuit court noted that petitioner was in "complete denial about the role he played in the misrepresentations made to the [c]ourt, resulting in abused children, who were subject to the ravages of parental drug use, to be subjected to that behavior yet again." The circuit court further noted that "had the [DHHR] been aware of the drug usage in this home, similar to that of the original home from which the children were removed, it would not have consented to adoption and this [c]ourt would not have granted an adoption." The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of his parental rights was necessary for the children's welfare. Accordingly, the circuit court terminated petitioner's parental rights in its November 27, 2018, dispositional order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

---

[2]The mother's parental rights were also terminated. According to respondents, the permanency plan for the children is adoption in their current placement.

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. In support, petitioner asserts that he has "a good hold on his addiction and had a recovery coach and participated in intensive outpatient therapy." However, petitioner fails to acknowledge the applicable burden for an improvement period. West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have held that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Although petitioner argues that he participated in an outpatient treatment program, the record shows that petitioner had a history of substance abuse and continued to use illegal substances during the proceedings. Petitioner testified that he completed a fifteen-day detoxification program, but subsequently relapsed on alcohol and methamphetamine in September of 2018. Other than his own self-serving testimony, petitioner did not present any evidence to demonstrate that he would be likely to fully participate in an improvement period. Based on this evidence, petitioner clearly did not meet the applicable burden to receive an improvement period. Therefore, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.

Next, petitioner argues that the circuit court erred in terminating his parental rights. In support, he contends that he has taken steps to correct the conditions of abuse and neglect and he "demonstrated an awareness of the children's needs" by agreeing during the dispositional hearing that the children should stay in the foster home until he could care for them. We do not find this argument persuasive. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has not

> responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[ren], as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[ren].

3

The evidence discussed above also supports the termination of petitioner's parental rights. Moreover, the circuit court found that in 2012, petitioner fraudulently concealed his substance abuse issues from the DHHR when he adopted the children, whose biological mother's parental rights were terminated due to her substance abuse. After the children were adopted, the children continued to be subjected to substance abuse by petitioner and the mother. While petitioner did seek rehabilitative services for his substance abuse issues during the proceedings, he subsequently relapsed on alcohol and methamphetamine in September of 2018. Petitioner was also unable to keep a steady job and held seven different jobs during the proceedings. In fact, petitioner admitted at the dispositional hearing that he agreed with the children's continued placement with the foster family due to his inability to care for them. Based on this evidence, it is clear that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the termination of petitioner's parental rights was in the children's best interests. Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 27, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison